UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, NA, a National Association, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 3:18-CV-3416-X |
| v. | § § | |
| RUSSELL VANDENBURG; KELLYN VANDENBURG; DAVID VANDENBURG; and DOES 1 THOUGH 100, inclusive, | § § § § § | |
| *Defendants.* | § | |

## **MEMORANDUM OPINION AND ORDER**

This is a default judgment against one defendant in a suit over a promissory note. Bank of America sued Russell, Kellyn, and David Vandenburg (all related) as well as a number of John Does. Unlike his relatives, Russell Vandenburg (hereinafter "Vandenburg" for brevity) never answered the complaint and the clerk entered a default. Bank of America obtained a clerk's default on liability and now seeks a default judgment against Vandenburg that includes a damage award. (Doc. 40). Relatedly, the bank informed the Court it has reached an agreement in principal on settling with Kellyn Vandenburg and David Vandenburg but asks the Court to proceed with entry of a default judgment against Russell Vandenburg. That's not possible. The bank seeks liability against all the Vandenburgs. And courts don't issue default judgments against one of several defendants who could share liability. As a result, the Court enters this order explaining liability but will await a damage determination and final judgment as to Russell Vandenburg once the claims against the remaining defendants are resolved. Accordingly, the Court **GRANTS** the motion

in part.

I. Background

In 2011, Bank of America and the Vandenburgs entered into an agreement, and the Vandenburgs executed a promissory note with a $500,000 principal amount. (Doc. 19 at 3). Those loan documents obligate the Vandenburgs to pay Bank of America:

- Monthly interest at the prime rate plus 1% per annum from November 1, 2011 through the maturity date. (Doc. 19 at 3; Doc. 41 at 6)
- Principal installments as specified in the note beginning October 1, 2014. (Doc. 19 at 3; Doc. 41 at 6)
- Attorney's fees incurred in securing payment pursuant to the loan documents. (Doc. 19 at 3; Doc. 41 at 6)
- All owing and unpaid principal and interest on the maturity date, October 1, 2016. Past due installments of principal accrue at the default interest rate of the greater of (1) prime plus 5% per annum, or (2) 9.25% per annum. (Doc. 19 at 4; Doc. 41 at 6)

The loan documents indicate that a default includes the failure of the Vandenburgs to make payments when due. (Doc. 19 at 4; Doc. 41 at 6–7). And the loan documents allow Bank of America in the event of a default to: (1) declare outstanding principal due; (2) foreclose on liens securing payment; (3) pursue any other rights and remedies; and (4) pursue any combination of those three remedies. (Doc. 19 at 4; Doc. 41 at 6–7).

The Vandenburgs failed to pay any principal due under the loan documents.

(Doc. 19 at 4). Bank of America notified them in April 2015 of their default. (Doc. 19 at 4). The bank then accelerated the maturity date and demanded full payment. (Doc. 19 at 4). Vandenburg failed and continues to fail to pay. (Doc. 41 at 4).

After the bank filed this suit, it served Vandenburg with the complaint and summons. (Doc. 6). Vandenburg never answered or otherwise appeared. Bank of America moved for a clerk's default (Doc. 9), which the clerk granted (Doc. 10). The bank then moved for a default judgment to assess damages. (Doc. 40). Vandenburg never responded to that motion, and the time to oppose it has passed.

## II. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings like this not involving a certain sum,

> the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial— when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well pled allegations in a complaint.[1]

---

[1] *See e.g.*,*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well pled when "all elements of [a] cause of action are present by implication"); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[2] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[3] The second factor assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[4]

When an action "presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[5] When, however, one of multiple defendants has defaulted, "judgment should generally not be entered against the defaulting defendant until the matter has been adjudicated as to all defendants," especially in situations where several defendants are alleged to be jointly liable.[6]

### III. Application

The Court deems the facts on liability to be admitted and finds Vandenburg

---

admission of liability.").

[2] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[3] *Id.*

[4] *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[5] Fed. R. Civ. P. 54(b).

[6] *Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek Partnership, Ltd.*, No. 4:14-CV-702, 2010 WL 5583118, at *2 (S.D. Tex. Feb. 26, 2019) (citing *Frow v. De La Vega*, 82 U.S. 552, 553 (1872)); *Great Am. Assur. Co. v. Wills*, No. SA-10-CV-353-XR, 2010 WL 4007330, at *1 (W.D. Tex. Oct. 12, 2010).

not to be incompetent or a minor.  While Rule 55 allows for hearings, it does not command them.  Here, Bank of America mailed Vandenburg a copy of the motion for default judgment, notifying him of his duty to respond.  He has yet to respond.  Bank of America's motion is supported by sworn testimony and evidence.  (Doc. 41).  As a result, a ruling without a hearing is proper.

The Court now turns to the six *Lindsey* factors.  First, there are no material facts in dispute because Vandenburg has not filed any responsive pleading and a default has been entered against him.  Second, regarding substantial prejudice, Vandenburg's failure to respond can bring adversarial proceedings to a halt and substantially prejudices the bank but not himself.  Third, regarding clearly established grounds for the default, the loan documents entitle the bank to the relief it seeks in the complaint and motion for default.  Fourth, regarding mistake or neglect, there is no reason to believe Vandenburg has been acting under a good faith mistake or excusable neglect—particularly given that his relatives who are also signatories and defaults have appeared and litigated this case.  Fifth, regarding the harshness of a default judgment, the judgment would grant a remedy in the loan documents that Vandenburg agreed to.  Sixth, regarding whether the court would grant a motion to set aside the default, the pleadings, applicable law, and admitted facts indicate a lack of good cause for the Court to set aside the default judgment.  Thus, the Court concludes a default judgment is appropriate under these circumstances.

Next, the Court must assess the merits of Bank of America's claim in light of its complaint.  The elements for a breach of contract claim in Texas are: "(1) the

existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[7] The live complaint adequately alleged all these elements of a breach of contract claim, and Vandenburg's failure to answer and the resulting default act to admit those allegations. Accordingly, there is a sufficient basis in the pleadings for a default judgment.

Finally, the Court would ordinarily assess the measure of damages based upon the declaration and evidence attached to the motion for entry of default. Here, however, Bank of America has sought liability against all the defendants.[8] That scenario is one where courts delay a final judgment assessing damages until the claims against the jointly and severally liable defendants are resolved. The Court will do likewise here. In a separate order issued today, the Court acknowledges that Bank of America has reached an agreement in principal with the remaining defendants. The Court has by separate order set the dismissal of this case within 30 days if the parties do not move to reopen the case. By noon on the 30th day from the date of this order, Bank of America should file updated damages evidence with the Court to enable the Court to render a final judgment as to Vandenburg and order dismissal as to the remaining parties (unless there is an objection due to a breakdown in the settlement).

---

[7] *Crowder v. Scheirmann*, 186 S.W.3d 116, 118–19 (Tex. App.—Houston 2005, no pet.)

[8] *See* TEX. BUS. & COMM. CODE § 3.116 ("Except as otherwise provided in the instrument, two or more persons who have the same liability on an instrument as makers, drawers, acceptors, indorsers who indorse as joint payees, or anomalous indorsers are jointly and severally liable in the capacity in which they sign.").

IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** in part Bank of America's motion for default judgment against Vandenburg in determining in this order that Vandenburg is liable for breach. The Court will separately issue a final judgment at a later date that includes a specific determination of damages once the claims against the remaining defendants are resolved.

**IT IS SO ORDERED** this 2nd day of April 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE